UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Willie Mack, Jr., | ) C/A No.7:10-2372-DCN-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation<br>) (partial summary dismissal) |
| Anthony C. Leibert, Assistant Solicitor;<br>J. Roger Poole, Public Defender, | ) |
| Defendants. | ) |

This civil action, filed *pro se* and *in forma pauperis* by a pretrial detainee, is before the Court for initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff has been incarcerated in the Spartanburg County Detention Center (SCDC) since August 30, 2007, awaiting trial in the Spartanburg County General Sessions Court of South Carolina's Seventh Judicial Circuit, on fourteen charges which were brought against him in February and March of 2006.[1] (Complaint,

---

[1] This Court takes judicial notice of Plaintiff's previous and pending state court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *see, e.g., Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir.) (1983)(same); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.)(1980) (federal courts may take judicial notice of proceedings in other courts of record) (citation omitted); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")(citations omitted). This Court also takes judicial notice of the factual information concerning Plaintiff's criminal charges and custody status posted on the Spartanburg County government websites. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(noting that



1

Entry 1, at 3). Plaintiff alleges that the Defendants - the prosecutor of his cases, Anthony C. Leibert,

Assistant Solicitor, and his current court-appointed defense attorney, J. Roger Poole, Public Defender

---

courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008)(noting that some courts have found postings on government websites as inherently authentic or self-authenticating). According to the Spartanburg County Seventh Judicial Circuit Public Index website, *see* http://192.146.148.40/PublicIndex/PublicIndexDefault.aspx (last visited Oct. 8, 2010), and the Spartanburg County Detention Center's Inmate History website, *see* http://www.spartanburgcountyjail.org/ (last visited Oct. 8, 2010), Plaintiff's pending charges are:

(1) failure to stop for blue light:
    indictment no. 2006GS4201741, 02/02/06; warrant no. 10313DG, 02/01/06;
(2) receiving stolen goods, value less than $1,000:
    indictment no. 2006GS4201744, 02/06/06; warrant no. K069738, 02/01/06;
(3) possessing, concealing, selling, or disposing of stolen vehicle, value of $5,000 or more:
    indictment no. 2006GS4201210, 02/06/06; warrant no. H700614, 02/01/06;
(4) possessing, concealing, selling, or disposing of stolen vehicle, value of $5,000 or more:
    indictment no. 2006GS4201745, 02/06/06; warrant no. K012514, 02/01/06;
(5) receiving stolen goods, value less than $1,000:
    indictment no. 2006GS4201744, 02/06/06; warrant no. K069738, 02/01/06;
    (bond $5,000);
(6) obtaining signature or property under false pretenses, value $1,000 or less:
    indictment no. 2006GS4201746, 02/06/06;warrant no. K069739, 02/01/06;
(7) burglary, first degree:
    indictment no. 2006GS4200884, 02/06/06; warrant no. K069898, 02/01/06;
(8) grand larceny, value of $5,000 or more:
    indictment no. 2006GS4201743, 02/06/06; warrant no. K069899, 02/01/06;
    (bond $5,000);
(9) resisting arrest, oppose, resist, or assault law enforcement officer serving process:
    indictment no. 2006GS4201742, 02/06/06;warrant no.K077684, 02/01/06;
(10) burglary, second degree:
    indictment no. 2006GS4201208, 02/09/06; warrant no. K091790, 02/06/06;
(11) grand larceny, value more than $1,000 but less than $5,000:
    indictment no. 2006GS4201209, 02/09/06; warrant no. K091791, 02/06/06;
(12) grand larceny, value more than $1,000 but less than $5,000:
    indictment no. 2006GS4201303, 02/17/06; warrant no. K112160, 02/14/06
(13) burglary, second degree:
    indictment no. 2006GS4201304, 02/17/06; warrant no. K112163, 02/14/06
(14) burglary, first degree:
    indictment no. 2006GS4201167, 03/02/06; warrant no. K112715, 02/28/06



- have violated his constitutional rights by failing to bring him to trial for an adjudication of his guilt or innocence on his pending charges, for a period of more than four years and seven months, despite his repeated requests. Plaintiff seeks injunctive relief to compel the Defendants to bring him to court for a disposition of the charges against him. Plaintiff does not seek release from custody or monetary damages.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," or "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact;" *Denton v. Hernandez*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua*



*sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **Discussion**

Plaintiff alleges that he was arrested in Spartanburg County on February 1, 2006 for several violations and that while he was being held in the SCDC on those charges, he was served with additional arrest warrants for other crimes and for violation of parole. In 2006, Plaintiff was represented by Assistant Public Defender Karen Quimby at a preliminary hearing on the fourteen pending charges. Plaintiff was returned to the South Carolina Department of Corrections (DOC) in 2006 because of the violation of his parole and he completed his sentence on that conviction in August 2007. (Complaint, Entry 1, at 3). Plaintiff was then taken back to Spartanburg, on August 30, 2007, to face the pending charges and he has remained in the SCDC since that date, having been denied bond by South Carolina Circuit Judge Roger L. Couch on twelve of the fourteen charges.

Since his return to Spartanburg, Plaintiff alleges that he has been represented by Assistant Public Defenders James Cheeks, William McPherson, and now, J. Roger Poole.

4



(Complaint, Entry 1, at 4). Plaintiff alleges that, in February 2009, he moved to have Mr. McPherson removed as his counsel, but the motion was denied by South Carolina Circuit Judge Thomas A. Russo.  However, in May 2009, Mr. McPherson left the Spartanburg County Public Defender's Office and Mr. Poole succeeded him as Plaintiff's counsel.  (Complaint, Entry 1, at 5).  Plaintiff alleges that Defendant Poole ignored his many requests for information and assistance, until Plaintiff wrote to Chief Public Defender Clay T. Allen and South Carolina Seventh Circuit Chief Administrative Judge J. Derham Cole asking for their help in addressing his issues.  Plaintiff alleges that Defendant Poole then contacted him at the Spartanburg County Courthouse on October 13, 2009 and stated that Plaintiff's trial would be held on February 1, 2010.  However, on February 2, 2010, Defendant Poole "stopped Plaintiff['s] trial because his aunt had died" (Complaint, Entry 1, at 5), and Plaintiff alleges that Poole has not responded to his requests for a rescheduled trial since that time.

Plaintiff also alleges that he "wrote Solicitor Anthony C. Leibert expressing concerns about Plaintiff['s] constitution[al] rights violation and has been ignored."  (Complaint, Entry 1, at 5).  Plaintiff alleges that he has written the South Carolina Supreme Court numerous times and has "exhausted all administrative remedies with the Seventh Circuit justice system of Spartanburg, SC." (Complaint, Entry 1, at 5).  Plaintiff's Complaint states that he is "suing both Defendants in [their] individual capacity for violation of constitutional rights in mentioned narrative because they are aware of everything mentioned in narrative and choose not to exercise Plaintiff['s] constitutional rights." (Complaint, Entry 1, at 6).  Plaintiff seeks a "preliminary injunction . . . to address this issue soon."  (Complaint, Entry 1, at 6).



5

Section 1983 of Title 42 of the United States Code is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails; *see McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996); and to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Plaintiff's allegations may state a cognizable claim under 42 U.S.C. § 1983 against Defendant Anthony C. Leibert, Assistant Solicitor. However, because Plaintiff's Complaint does not allege any facts stating a plausible claim for relief under 42 U.S.C. § 1983 as against Defendant J. Roger Poole, Public Defender, Poole is entitled to dismissal as a party Defendant under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted by this Court. The Complaint should be dismissed as to Defendant Poole because, as Plaintiff's court-appointed public defender, he has not acted "under color of state law" during his legal representation of Plaintiff. An attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *Hall*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials,

6



responsibility for conduct for which they cannot fairly be blamed."). While, in *Tower v. Glover*, 467 U.S. 914 (1984), the United States Supreme Court modified the rule that a public defender does not act under color of state law by concluding that a public defender may be liable under § 1983 if a conspiratorial action with state officials is proven, this exception is not present in the case before this Court.[2]

### Recommendation

Accordingly, it is recommended that the Court dismiss J. Roger Poole, Public Defender, as a party Defendant in this case without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 22, 2010
Charleston, South Carolina

---

[2] Even with the liberal standard afforded pleadings of *pro se* complainants, Plaintiff's Complaint nor its attached exhibits specify any facts which, if true, would link Defendant Poole with any state officials in an impermissible conspiracy.

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).