# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Willie Mack, Jr., | ) Civil Action No. 7:10-2372-DCN-BM |
| Plaintiff, | ) |
| v. | ) |
| Anthony C. Leibert, Assistant Solicitor, | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

This action has been filed by the Plaintiff, <u>pro se,</u> seeking injunctive relief against the Defendant Anthony Leibert, a local prosecutor.[1] At the time this action was filed, Plaintiff was a pre-trial detainee at the Spartanburg County Detention Center, where he was awaiting trial in the Spartanburg County General Sessions court on various criminal charges which had been filed against him in February and March of 2006. Plaintiff alleges in his Complaint that the Defendant has violated his constitutional rights by failing to bring him to trial for adjudication of his charges for a period of more than four years and seven months, and seeks an order from this Court compelling the Defendant to bring him to Court for disposition of the charges against him. Plaintiff does not seek release from custody or monetary damages.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 11, 2011. As the plaintiff is proceeding pro se, a <u>Roseboro</u> order was entered

---

[1] Plaintiff originally also included a public defender as a Defendant in this law suit. However, that Defendant was dismissed by Order of the Court filed January 26, 2011.



by the Court on May 13, 2011, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case.

Plaintiff filed a document with the Court titled "Dispositive Motion" on May 16, 2011, wherein he generally discusses documents he had received (or not received) from the Defendant. Plaintiff also attached numerous documents to his filing. Plaintiff also filed a response in opposition to the Defendant's motion for summary judgment on May 20, 2011, as well as a "Declaration" on May 26, 2011.

This matter is now before the Court for disposition.[2]

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.



Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and exhibits presented, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

Plaintiff alleges in his verified Complaint[3] that he was arrested on February 1, 2006 on various charges, and that while in the Spartanburg County Detention Center additional warrants were filed against him for other alleged crimes and for a parole violation. Plaintiff goes on to relate some of his case history with respect to Court proceedings, dealings with his defense counsel, etc., including the fact that he has had several different defense counsel. Plaintiff alleges that he has been awaiting trial for over four (4) years, and seeks an order from this Court ordering that he be brought to trial on his charges. Plaintiff has attached to his Complaint copies of several grievance forms.

As an attachment to his motion for summary judgment, the Defendant has submitted an affidavit wherein he attests that the is an assistant solicitor with the Seventh Judicial Circuit, and relates some of the history of Plaintiff's case. The Defendant further attests that Plaintiff was tried before a jury in February 2011 and convicted of burglary in the first degree and sentenced to life in prison with no eligibility for parole. See generally, Defendant's Affidavit. The pertinent public websites also confirm the fact of Plaintiff's conviction on the burglary charge, and that the remainder

---

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



of his charges have been dismissed or nolle prossed. See Spartanburg County Seventh Judicial Circuit Public Index website http://192.146.148.40/Public Index/PublicIndexDefault.aspx (last visited June 7, 2011); see also McCormick v. Wright, No. 2:10-00033, 2010 WL 565303 (D.S.C., Feb. 17, 2010); In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008)[noting that some courts have found postings on government websites as inherently authentic or self-authenticating]; see also Court Docket No. 43 [Change of Address Notice]. In his responses filed to the Defendant's motion, Plaintiff does not dispute that his criminal charges have now been resolved, although he does complain that action was taken on his cases only because he filed this lawsuit.

In his motion for summary judgment, the Defendant argues, inter alia, that as a prosecutor he has immunity from suit. However, while judicial immunity covers claims against judges for injunctive relief, that is not true for prosecutors. See Blakeney v. Marsico, 340 Fed.Appx. 778, 779 (3rd Cir. 2009)[Prosecutors are not immune from suit as to requests for declaratory or injunctive relief], citing Supreme Court v. Consumers Union of United States, 446 U.S. 719, 736-737 (1980). However, it is also readily apparent from a review of the filings in this case that Plaintiff has now received the injunctive relief requested in his Complaint. Therefore, even though the Defendant is subject to suit for injunctive relief, Plaintiff's claims are now moot. Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248-249 (4th Cir. 2005)[holding that former detainee's request for injunctive relief was



4

moot].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 8, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).